UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAMANAND PERSAUD,

                                Petitioner,

    -against-

THE UNITED STATES OF AMERICA,

                                Respondent.
-----------------------------------------------------------------X
RAMANAND PERSAUD,

                                Petitioner,

    -against-

DUKE TERRELL, Warden,

                                Respondent.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

04-CV-2862 (CBA)

10-CV-0156 (CBA)

AMON, United States District Judge:

*Pro se* petitioner Ramanand Persaud, who is currently detained at the Metropolitan Detention Center in Brooklyn, New York, has previously filed multiple meritless motions challenging his November 25, 2002 conviction in this Court. On February 11, 2010, the Court directed petitioner to show cause why he should not be enjoined from filing future motions related to his 2002 conviction without first seeking leave of the Court. Petitioner filed a response on February 24, 2010, styled as yet another motion for re-consideration. For the reasons that follow, petitioner is hereby enjoined from filing any future motions or petitions related to his 2002 conviction, except for a notice of appeal, without first seeking leave of this Court or requesting the Court of Appeals to authorize a second or subsequent petition pursuant to 28 U.S.C. § 2255 ("§ 2255").

I.  **Procedural History**

Petitioner and his brother and co-defendant Rabindranauth Persaud were convicted by a jury in this Court on March 19, 2002, and the Court entered judgment and sentence on November 25, 2002. Petitioner and his brother appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214, 2004 WL 285819 (2d Cir. 2004).

On June 9, 2004, petitioner collaterally challenged his conviction and sentence by filing a petition for habeas corpus pursuant to § 2255. His brother Rabindranauth filed an identical petition at the same time. The Court denied both petitions by order dated December 28, 2005. Persaud v. United States, Nos. 04-CV-2861 (CBA) and 04-CV-2862 (CBA), slip op. (E.D.N.Y. Dec. 28, 2005). Petitioner did not file a notice of appeal within 30 days. On July 27, 2006, he filed a "Petitioner Motion for Sentencing Reduction Pursuant to 18 U.S.C. 3553(f)(1)-(5)," which the Court denied on August 4, 2006. Thereafter, petitioner filed three successive motions seeking release on bond, filed on February 16, 2007, October 15, 2007 and May 5, 2008. The Court denied those motions on February 23, 2007 and November 24, 2008.

Petitioner twice moved the United States Court of Appeals for the Second Circuit for an order authorizing the district court to consider a second or successive § 2255 motion. The Second Circuit denied the motions, on October 6, 2006, issued as mandate on December 28, 2006, and on September 20, 2007, issued as mandate on November 5, 2007.

Petitioner also filed multiple motions pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. His February 11, 2009 "Motion to Re-open Judgment," was dismissed by this Court's April 7, 2009 Order. On April 24, 2009 and May 26, 2009, petitioner filed motions

2

seeking reconsideration of the April 7, 2009 Order. As petitioner had simultaneously filed an appeal of the April 7, 2009 Order, this Court could not consider those motions until after August 5, 2009, when the Court of Appeals certified its order granting petitioner's motion to withdraw his appeal. This Court denied petitioner's April 24, 2009 and May 26, 2009 motions on September 10, 2009.

Petitioner also filed three additional Rule 60(b) motions challenging the same conviction, which were docketed and addressed separately. He filed a "Petitioner Motion for Reduction of Sentence Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure" on September 6, 2006, which the Court denied on December 26, 2006 as outside the scope of a Rule 60(b) motion. Persaud v. United States, No. 06-CV-6670 (CBA), slip op. (E.D.N.Y. Dec. 26, 2006). Petitioner's October 3, 2007 "Motion Pursuant to Rule 60(b)" was assigned docket number 07-CV-4706 and was also denied as outside the scope of Rule 60(b), on December 19, 2007. On January 7, 2008, petitioner filed a motion for reconsideration of the December 19, 2007 Order, then withdrew that motion and filed a subsequent motion for reconsideration on April 18, 2008. The Court denied the re-filed motion by Order dated November 24, 2008. Persaud v. United States, No. 07-CV-4706 (CBA), slip op. (E.D.N.Y. Nov. 24, 2008).

Meanwhile, petitioner requested a writ of *audita querela* on September 15, 2008, which the Court denied on November 24, 2008, Persaud v. United States, No. 08-CV-4315 (CBA), 2008 WL 5049421 (E.D.N.Y. Nov. 25, 2008), and a second writ of *audita querela* on December 17, 2008, also denied, Persaud v. United States, No. 08-CV-5291 (CBA), 2009 WL 112589 (E.D.N.Y. Jan. 16, 2009). Moreover, petitioner has filed additional motions related to this conviction and sentence in at least one other jurisdiction. See Persaud v. Samuels, Civil Action

No. 07-3177 (RMB), 2007 WL 2318395 (D.N.J. Aug. 8, 2007) (dismissing petitioner's motion for reduction of sentence for lack of jurisdiction); Persaud v. Grondolsky, Civil Action No. 08-3243 (JBS), 2008 WL 2945986 (D.N.J. July 30, 2008) (dismissing petition to vacate sentence for lack of jurisdiction).

Every one of these prior motions was dismissed as meritless or denied as outside the scope of the claimed basis of relief. The Court previously warned petitioner that the future filing of additional frivolous motions could result in the imposition of sanctions, including the issuance of a filing injunction. See Persaud v. United States, No. 04-CV-2862 (CBA), slip op. (E.D.N.Y. Sept. 10, 2009). Undeterred, petitioner subsequently filed two additional motions. On November 2, 2009, he filed another Rule 60(b) motion in the original docket number, 04-CV-2862, which he then withdrew and resubmitted as a revised motion on December 24, 2009 (hereinafter "December 24, 2009 Motion"). On January 5, 2010, petitioner filed a separate "Motion for Immediate Release Pursuant to 28 U.S.C. 2241(c)(3)" (hereinafter "January 5, 2010 Petition"), which was assigned a new docket number, 10-CV-0156.

The Court dismissed those motions by Order dated February 11, 2010 and directed petitioner to show cause why he should not be enjoined from filing any future motion, petition, or other document in this Court related to his 2002 conviction, without prior authorization of the Court, except for a notice of appeal. Persaud v. United States, Nos. 04-CV-2862 (CBA) and 10-CV-0156 (CBA), 2010 WL 538823 (E.D.N.Y. Feb. 11, 2010). Petitioner filed his response on February 24, 2010. In it, he requests reconsideration of the Court's February 11, 2010 order and argues that the Court overlooked an argument in his original § 2255 petition regarding the admissibility of his post-arrest statements. Petitioner attaches an Exhibit A, which comprises

pages numbered 11-18 of an unidentified document.[1] The document, whatever its source, describes the post-arrest interviews of both defendants and includes a single reference to Ramanand being "so nervous that he defecated on himself (and was required to sit in his soiled clothing)." However, the selection does not include any arguments related to the admissibility of Ramanand's statements against himself. Instead, the original petition argued that Ramanand's statements were inadmissible against Rabindranauth, on the ground that their admission violated Rabindranauth's right to confrontation. Yet, in the February 24, 2010 motion, petitioner claims that he had previously "specifically argued the facts that the admission and confession of his post-arrest statements was taken under humiliation and torture," and that the Court overlooked this claim in his initial habeas petition. (Mot. at 4, 7.) Petitioner offers no other reason why a filing injunction should not be entered against him.

On March 5, 2010, the Court received a letter, dated March 3, 2010, seeking to have the February 24, 2010 motion construed as a petition for a writ of *audita querela*, on the ground that *audita querela* relief "is available where there is a legal, as contrasted with an equitable, objection to a criminal conviction and that is not redressable pursuant to another post-conviction remedy." (Mar. 3, 2010 letter.) On March 19, 2010, petitioner filed a new motion requesting a bail hearing; a letter in support of his petition for a writ of *audita querela*, reiterating his prior arguments regarding the admissibility of his post-arrest statements; and a new motion seeking

---

[1] Petitioner claims that the document was part of his original habeas petition. He also states that his "Direct Apeal brief was construed as his 28 U.S.C. 2255 petition with a cover letter." (Feb. 24, 2010 Mot. at 2.) However, the original petition comprises a form complaint and a letter from counsel Vivian Shevitz. Counsel's letter states that the appellate brief is attached, but no attachment appears on the docket sheet. The pages of Exhibit A do not correspond with any of the documents submitted with the original petition or listed in the docket sheet.

reconsideration of the Court's dismissal of his petition pursuant to 28 U.S.C. § 2241(c)(3) ("§ 2241(c)(3)") in 10-CV-0156.

## II. No Basis for Reconsideration of 04-CV-2862

Petitioner's response renews his recent claim that his post-arrest statements should not have been admitted against him at trial because they were obtained under conditions constituting "humiliation and torture."

The Court dismissed petitioner's December 24, 2009 Motion because it attacked the validity of the underlying criminal conviction, and not the integrity of the habeas proceeding. As the Court has explained to petitioner on multiple occasions, such challenges must be made under 28 U.S.C. § 2255 and are subject to its gatekeeping provisions.

Petitioner now asserts that he previously raised his claim regarding the admissibility of his post-arrest statements in his original habeas petition and that the Court overlooked it. The original petition did include an argument regarding the admissibility of Ramanand's post-arrest statements, but it claimed that the statements were inadmissible *as to Rabindranauth*, because they allegedly violated Rabindranauth's right to confrontation. (Pet. at 5; Pet's. Reply at 21-23.) Nowhere in his original petition did Ramanand argue that his own statements could not be admitted against him. Although the document identified as the appellate brief included a brief reference to Ramanand's nervousness causing him to soil his clothes, no argument was advanced in the habeas petition regarding the circumstances of the post-arrest interview and the admissiblity of the statements *as to Ramanand*. Petitioner never raised this argument until his April 24, 2009 motion for reconsideration. The Court did not overlook this claim in its original decision, and thus there is no basis for reconsideration of the 2005 decision denying petitioner's

claim for habeas relief. See Persaud v. United States, No. 04 CV 2861 (CBA) (E.D.N.Y. Dec. 28, 2005) (finding that "Rabindranauth's confrontation rights were not implicated").

### III. No Basis for Reconsideration of 10-CV-0156

Petitioner's March 19, 2010 motion for reconsideration of 10-CV-0156 argues that the Court failed to apply the savings clause of 28 U.S.C. § 2255(e) to permit him to challenge his conviction under 28 U.S.C. § 2241(c)(3). Petitioner argues that § 2255 is an inadequate or ineffective remedy because the Supreme Court established a new rule of constitutional law after petitioner's initial habeas petition was denied. Petitioner asserts that the use at trial of "confessions which were taken under Humiliation and Torture . . . is now un-constitutional," citing Safford Unified School Dist. #1 v. Redding, 129 S. Ct. 2633 (2009), a case involving an unconstitutional strip search of a middle school student by school authorities.

Should petitioner believe that a new rule of constitutional law applies to his case, the appropriate avenue for relief is through § 2255, not § 2241(c)(3). Although petitioner has already filed a petition pursuant to § 2255, in which he did not raise this particular claim, petitioner may seek certification of a second or successive § 2255 petition:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As the Court has previously explained to petitioner, the unavailability of a second or successive § 2255 petition is not grounds for application of the savings clause in § 2255(e),

7

unless the prisoner is asserting "actual innocence" and "could not have effectively raised his claim of innocence at an earlier time." Triestman v. United States, 124 F.3d 361, 363 (2d Cir. 1997); see also Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001) ("We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion."). Petitioner does not argue that he is actually innocent of the crimes of which he was convicted.

Because petitioner has not shown that "a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention," Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004), the Court did not err in dismissing his § 2241(c)(3) petition. Accordingly, the motion for reconsideration of this Court's February 11, 2010 Order dismissing 10-CV-0156 is denied.

## IV. No Basis for *Audita Querela* Relief

Petitioner's March 3, 2010 letter requesting that his motion be construed as a petition for a writ of *audita querela* is unavailing. As this Court has previously explained to petitioner, following his prior requests for this relief, the common law writs, including *audita querela*, may not be used to circumvent the procedural requirements of the AEDPA. See Persaud, No. 08-CV-4315 (CBA), 2008 WL 5049421, at *2; Persaud, No. 08-CV-5291 (CBA), 2009 WL 112589, at *2. Moreover, even if *audita querela* relief was available in this case, petitioner has failed to identify any new legal issue that arose after the judgment of conviction was entered.

## V. Filing Injunction

Petitioner has had ample opportunity to challenge his 2002 conviction in this Court.

8

Since the Court first denied his habeas petition on December 28, 2005, petitioner has filed some 19 subsequent motions and petitions unsuccessfully challenging that decision and the 2002 conviction. In its September 10, 2009 Order, the Court warned petitioner that the future filing of vexatious and frivolous litigation could result in the imposition of an injunction prohibiting him from making future filings in this case without leave of the Court. Yet petitioner continued to submit new motions raising the same claims. On February 11, 2010, the Court gave petitioner a final opportunity to assert reasons why he should not be enjoined from filing future motions related to his 2002 conviction. Petitioner's only response was to renew the prior arguments which this Court has already rejected.

The federal courts have limited resources and have the authority and obligation to conserve those resources by managing their dockets for the efficient administration of justice. See Persaud, 2010 WL 538823, at *5. This Court has carefully reviewed petitioner's extensive prior history of litigation related to this matter and has considered the burden on the Court and its personnel of continued filing and the likelihood that petitioner will continue to abuse the judicial process. Petitioner's response to the Court's last Order advances the same frivolous arguments and fails to offer any compelling reason why he should not be enjoined from future filings related to his conviction.

The Court finds that only a filing injunction will be effective in stemming the flow of filings. Accordingly, as of the date of this Order, petitioner is permanently enjoined from filing any future motion, petition, or other document in this Court related to his 2002 conviction, without prior authorization of the Court, except for a notice of appeal. Should petitioner discover a meritorious basis for a second or successive habeas petition, nothing would prevent him from

filing in the Court of Appeals a request for certification of a second or successive petition.

## VI. Conclusion

For the foregoing reasons, petitioner's recent submissions seeking reconsideration of this Court's February 11, 2010 Order and seeking to overturn the November 25, 2002 judgment of conviction are hereby dismissed. Petitioner's March 19, 2010 request for a bail hearing is denied, as petitioner presents no grounds on which he might be released on bail prior to the expiration of his sentence.

Petitioner is enjoined from filing additional motions or petitions in this Court related to the 2002 conviction, other than a notice of appeal, without first seeking leave of the Court, or as authorized by the Court of Appeals. If petitioner wishes to file additional motions, any such submission must be accompanied by a request for leave to file and an affidavit that the petition raises new claims over which this Court has jurisdiction. The Clerk of Court is directed to return, without filing, any petition or motion bearing these docket numbers or related to the 2002 conviction, unless it is accompanied by a request for leave to file.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 8, 2010

/S/
Carol Bagley Amon
United States District Judge